UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUNIOR ACHIEVEMENT OF.<br>GREATER NEW ORLEANS, INC. | CIVIL ACTION |
| VERSUS | NO. 08-4755 |
| CHUBB GROUP OF INSURANCE COMPANIES, et al. | SECTION "N" (2) |

## ORDER and REASONS

Before the Court is the **Motion for Judgment on the Pleadings (Rec. Doc. 7)**, filed by Defendant Federal Insurance Company ("Federal"). The motion is opposed by Plaintiff, Junior Achievement of Greater New Orleans, Inc. ("Junior Achievement"). After reviewing the memoranda, the pleadings, and the applicable law, the Court rules as set forth herein.

### I. BACKGROUND

Junior Achievement is a non-profit educational organization located on the grounds of Delgado Community College at 5100 Orleans Avenue in New Orleans, Louisiana. Federal provided a policy of insurance, No. 35788663, to J.A. Worldwide, the parent of Junior Achievement. The policy insured multiple premises, including those leased by Junior

Achievement in New Orleans. The policy provided $2,142,400 in building coverage and $86,500 in contents coverage and carried an aggregate flood endorsement providing $50,000 of coverage for flood damage (after a $50,000 deductible). The policy has a limitations clause that expressly mandates that "[n]o legal action may be brought against [Federal] unless . . . the action is brought within three years after the date on which the direct physical loss or damage occurred." Mot. at Ex. 1 (Policy, p. 6).

Junior Achievement's property was allegedly damaged during Hurricane Katrina, which made landfall on August 29, 2005. This instant suit was not filed until September 18, 2008, more than three years and three weeks after the undisputed date of loss. Federal thus argues that the instant suit is barred by the limitation clause in Junior Achievement's policy. In response, Junior Achievement argues that both it and Federal were putative members of the plaintiffs' and defendants' classes in *Susan Abadie, et al, v. Aegis Security Insurance Company*, filed in the Eastern District of Louisiana on August 29, 2007. Thus, argues Junior Achievement, the limitation period is suspended by the filing of a class action suit in which both parties were putative members, with such suspension to run until either party withdraws from or is excluded from the class. *See* LA. CODE CIV. P. art. 596.

## II. ANALYSIS

**A. Legal Standards**

The standard for a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is the same as a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6). *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002). Under that standard, the motion will be denied "unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts in the complaint as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey*, 197 F.3d at 774; *Lowry v. Texas A & M University System*, 117 F.3d 242, 247 (5th Cir. 1997). "However, '[i]n order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . .'" *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (quoting *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989)) (alteration in original). "'[C]onclusory allegations and unwarranted deductions of fact are not admitted as true' by a motion to dismiss." *Id.* (quoting *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1994)). Moreover, "'legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Blackburn*, 42 F.3d at 931 (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (internal quotation and citation omitted).

**B. Suspension of the Contractual Limitation Period**

A contract for insurance constitutes the law between the two contracting parties. *Pareti v. Sentry Indem. Co.*, 536 So.2d 417, 420 (La. 1988) (citing *Carney v. Am. Fire & Indem. Co.*, 371 So.2d 815 (La. 1979)). Courts have no authority to interpret or alter the terms of any contract, including an insurance policy, when the policy provisions within are unambiguous. *Id.* (citing *Monteleone v. Am. Emp. Ins. Co.*, 120 So.2d 70 (La. 1960)). In the absence of a statutory prohibition, a clause in an insurance policy fixing a reasonable time to institute suit is valid. *Magnolia Mgmt. Corp. v. Federal Ins. Co.*, 2007 WL 4124496 (W.D. La. Nov. 19, 2007) (citing *Midco Louisiana Co. v. Aquatic Equipment & Engineering, Inc.*, 423 So.2d 10 (La. App. 1982); *see also Suire v. Combined Ins. Co. of America*, 290 So.2d 271 (La. 1974); *Stroud v. Northwestern National Ins. Co.*, 360 So.2d 528 (La. App. 1977), *writ denied*, 362 So.2d 575 (La. 1978). No Louisiana court has ever ruled on the question of whether Article 569 works to suspend the application of a *contractual* limitation period, as opposed to a statutory prescription period. Further, even if Article 569 does not specifically apply to suspend the contractual limitation period, it is unclear whether the Court should apply the filing date of the instant case or that of *Abadie* in determining timeliness, in a case where Plaintiff claims that both parties were putative members of a previously-filed class action. Neither party argued this point and were the Court to decide the instant motion on timeliness grounds it would likely order additional briefing from the parties to discuss this unclear issue.

Fundamentally, though, it is clear that whether the limitation period is suspended by Article 569 or whether the date of filing of *Abadie* applies, Junior Achievement's argument against prescription rests on whether Federal was properly named in *Abadie*. In the alternative,

Federal contests this precise point. The relevant defendant named in *Abadie* was "CHUBB Indemnity Insurance Company," not Federal, which undisputedly was not specifically named in that suit. Plaintiff argues that CHUBB and Federal are the same entity and that thus, the naming of CHUBB in *Abadie* works to name Federal as a putative class member in that suit as well. *See* Opp. at 2, n.1. However, Federal argues in its Reply that CHUBB and Federal are not the same company, but rather that "CHUBB Group" is a term used to describe several independent, separately-capitalized insurance companies, one of which is Federal, and that suit against the one has no effect against the other. *See* Reply at 4. Federal also notes that the Declarations page of the policy at issue (which was attached to the state court Complaint, *see* Compl. at Ex. 1 (p. 21)) clearly states that the issuing company is Federal, *see* Mot. at Ex. 1 (p. 24), and attaches public records showing the independent status of Federal. *See* Reply at Exs. A, B. The Court notes, however, that the same Declarations page, which appears to be a preprinted form, also includes the name "CHUBB Group of Insurance Companies." *Id.* Thus, there seems to be some ambiguity regarding the issuer of the policy in question, which ambiguity is not properly resolved on a Rule 12 motion. *See Rashkabar v. Allmerica Financial*, 2008 WL 1930454 (E.D. La. May 1, 2008) (signature page of insurance contract that has names of two different insurance companies creates ambiguity not resolvable on Rule 12 motion).

Since both Junior Achievement's argument regarding Article 569 and the other issue raised *sua sponte* by the Court both rely on some identity between Federal and CHUBB such that the naming of one in *Abadie* has effect against the other, the Court will pretermit consideration of these arguments, since if this factual issue is resolved in Federal's favor that will obviate the need to resolve other issues. The Court will thus convert the instant motion into a Rule 56

5

motion for summary judgment on the question of whether CHUBB and Federal are the same companies and whether suit against one has effect against the other. *See* 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1371, pp. 267-76 (3d ed. 2004) (conversion of Rule 12(c) motion to summary judgment motion within sound discretion of district court). Both parties are granted leave of 14 days from the date of this Order to supplement their pleadings to conform to Rule 56. The parties may also provide additional competent evidence that the Court can receive and consider under that Rule, if they wish.

### III. CONCLUSION

In conclusion, the motion is **DENIED WITHOUT PREJUDICE** as to suspension of the contractual prescription period. The Court will convert the instant motion to a motion for summary judgment on the issue of corporate identity and leave of 14 days is granted to both parties to supplement their briefs.

New Orleans, Louisiana, this 29th day of April 2009.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE